TRAUB LIEBERMAN

445 Hamilton Avenue | Suite 900 | White Plains, NY 10601
DIRECT (914) 586-7005 | MAIN (914) 347-2600 | FAX (914) 347-8898

Stephen D. Straus | Partner | sstraus@tlsslaw.com

August 19, 2026

**VIA ECF and EMAIL**

Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007
VyskocilNYSDChambers@nysd.uscourts.gov

Re: *Jason Wimberly v. Atlantic Dialysis Management Services, LLC, et al.,* Case No. 1:26-cv-05949-MKV (U.S.D.C. S.D.N.Y.)

Dear Judge Vyskocil:

This law firm represents defendants Goldberg Segalla LLP, Scott R. Green, and Charles Lazo (collectively "GS LLP") in the above-referenced matter. Pursuant to sec. 4.A.i. of Your Honor's Individual Rules of Practice in Civil Cases, we write to request a conference in anticipation of filing a motion to dismiss plaintiff Jason Wimberly's amended complaint ("the complaint"). This request is not on consent of plaintiff. Set forth below is a summary of the grounds for the proposed motion.

Without waiving defenses based on insufficient service of process, the summons and complaint were allegedly delivered to GS LLP on July 30, 2026, making the instant application timely.

*Plaintiff's Amended Complaint and Prior Action*

By way of background, the complaint sets forth 28 causes of action generally based on alleged discrimination, retaliation, medical negligence, and interference with medical treatment. The defendants are various alleged medical service providers, as well as GS LLP, a law firm and two of its lawyers who were not in an attorney-client relationship with plaintiff at any time.[1]

[1] The amended complaint includes the following 18 causes of action against GS LLP: Count I - ADA Interference and Retaliation, 42 U.S.C. § 12203(a), (b); Count II - Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Counts

The alleged facts and circumstances forming the basis for plaintiff's complaint are the same as those that were alleged in a prior action initiated by plaintiff, entitled *Wimberly* v. *Atlantic Dialysis Management Services, LLC*, Case No. 1:24-cv-09269 (JPO) (U.S.D.C. S.D.N.Y.) ("the Prior Action"). On April 29, 2025, Hon. J. Paul Oetken dismissed plaintiff's complaint in the Prior Action in its entirety, holding that all 13 counts in the complaint failed to state a claim or were otherwise not justiciable. *See* Opinion and Order dated April 29, 2025, at 17-18, a copy of which is annexed hereto as Ex. A. GS LLP represented Atlantic Dialysis Management Services, LLC ("Atlantic") in the Prior Action. Atlantic is also the first named defendant in the complaint herein.

*Claim Preclusion / Res Judicata*

We submit that the claims asserted in the complaint are no more than recast causes of action asserted in the complaint in the Prior Action, which were adjudicated in the Opinion and Order issued by Judge Oetken. In this regard, "[r]es judicata, or claim preclusion, bars re-litigation if (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Vayani v. 146 W. 29th St. Owners Corp.*, 2025 U.S. App. LEXIS 32394, at 3 (2d Cir. Dec. 11, 2025). "Suits involve the same claim (or 'cause of action') when they arise from the same transaction, or involve a common nucleus of operative facts." *Id.*

The complaint in the present matter indisputably arises from the same facts alleged in the complaint in the Prior Action. Plaintiff concedes as much in ¶27 of the complaint herein:

> **27.** In December 2024, Plaintiff filed *Wimberly v. Atlantic Dialysis Mgmt. Servs., LLC,* No. 24-cv-9269 (JPO) (S.D.N.Y.), alleging disability discrimination arising largely from the transportation failures described above. On or about January 24, 2025, Atlantic, through Goldberg Segalla, moved to dismiss.

The Prior Action was dismissed on the merits as to all federal claims and without prejudice to refiling state law claims in state court. Opinion and Order at 17-18. Upon information and belief, plaintiff did not appeal the judgment of dismissal and the Prior Action is disposed. This bars re-litigation of the same claims in the instant action.

Moreover, Judge Oetken declined to exercise supplemental jurisdiction over plaintiff's state law claims based on the lack of merit and dismissal of the federal claims. *See* Opinion and

---

III, IV, V - NYCHRL, N.Y.C. Admin. Code §§ 8-107(6), (7) and (19); Count VI – NYSHRL Retaliation, N.Y. Exec. Law §§ 296(7); Count VII – NYSHRL Aiding and Abetting, § 296(6); Count VIII - Attorney Deceit, N.Y. Judiciary Law § 487; Count XII - Intentional Infliction of Emotional Distress; Count XV - Tortious Interference with Patient-Provider Relationship; Count XVIII - Civil RICO Conspiracy, 18 U.S.C. § 1962(d); Count XX – Declaratory Judgment; Count XXI - 42 U.S.C. § 1983: First and Fourteenth Amendment; Count XXII - N.Y. Const. art. I, § 8; Count XXIII – Declaratory Judgment: Retaliatory Discharge; Count XXIV – Conspiracy to Deprive of Equal Protection, 42 U.S.C. § 1985(3); Count XXV – Conspiracy to Obstruct and Deter Federal-Court Participation, 42 U.S.C. §1985(2); and Count XXVIII – Failure to Prevent Conspiracy, 42 U.S.C. § 1986.

Order at 16. That ruling precludes supplemental jurisdiction over plaintiff's state law claims against GS LLP in the instant action.

*Litigation Privilege / Lack of Standing*

Plaintiff's allegations against GS LLP are based on communications between the parties while litigating the Prior Action, wherein plaintiff was *pro se,* including a letter sent by GS LLP on January 30, 2025. According to plaintiff, the letter requested, *inter alia*, that plaintiff include GS LLP on all communications to Atlantic regarding medical services at issue in the lawsuit and that communications concerning the litigation be exclusively directed to GS LLP. *See* Amended Complaint at ¶ 28. These admonishments formed the basis for plaintiff's motion to disqualify GS LLP as Atlantic's counsel, and allegations of misconduct against GS LLP in the Prior Action. The court denied the motion as "frivolous." Opinion and Order at 3, 17.

A lawyer's request that an adverse *pro se* party channel litigation communications to the lawyer is consistent with the ordinary role of an attorney representing a party in litigation. *Jackson v. Bloomberg, L.P.*, 2015 U.S. Dist. LEXIS 52581, at 4 (S.D.N.Y. April 22, 2015). As described in the complaint, communications in the Prior Action were routine litigation exchanges and are not actionable as a matter of law. All communications cited by plaintiff are protected by the litigation privilege as they concerned matters in issue and were not held to have influenced the outcome of the Prior Action, even though plaintiff expressly tabled them as grounds for relief therein. *See* Opinion and Order at 3, 15-17.

*Referral Under Rule 13 of the Rules for the Division of Business Among District Judges, SDNY*

As implicitly conceded in plaintiff's complaint, this matter is a rerun of the Prior Action. The underlying facts are the same and plaintiff and Atlantic were the parties to the Prior Action Moreover, the other defendants named in the instant complaint, aside from GS LLP, are or were alleged employees or affiliates of Atlantic. In addition, GS LLP represented Atlantic in the Prior Action and, as discussed, was the target of plaintiff's unfounded allegations of misconduct therein.

As Judge Oetken previously ruled on essentially the same issues presented in this matter, we request that the pre-motion conference also address a possible referral of this matter to Judge Oetken pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, Southern District of New York.

Thank you for the court's consideration of this request.

Very truly yours,

Stephen D. Straus

cc: Plaintiff, *pro se*, and all counsel (via ECF)