**Jason Wimberly**
Plaintiff, Pro Se
Jasonwimberly7@gmail.com

August 20, 2026

**VIA PRO SE INTAKE OFFICE**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Wimberly v. Atlantic Dialysis Management Services, LLC, et al.*, No. 1:26-cv-05949 (MKV)
Response in Opposition to Defendants' Related-Case Requests (ECF Nos. 11, 14)

Dear Judge Vyskocil:

I respectfully submit this letter in opposition to the request of the Chartwell Law defendants (ECF No. 14), joining the request of co-defendants (ECF No. 11), that this action be deemed related to *Wimberly v. Atlantic Dialysis Management Services, LLC*, No. 24-cv-9269 (JPO), and referred to Judge Oetken.

The governing standard is Rule 13 of this Court's Rules for the Division of Business Among District Judges. That Rule supplies four considerations, two express limitations, and a referral procedure. Measured against what Defendants actually assert, each cuts against referral.

**I. Defendants' party-overlap argument is expressly insufficient under Rule 13.**

The Chartwell letter adopts co-defendants' reasoning by reference and independently emphasizes that Plaintiff has again named Atlantic and has now named its former counsel. But Rule 13(a)(2)(A) expressly provides that civil cases shall not be deemed related merely because they involve common legal issues or the same parties. Party overlap therefore adds little to Defendants' showing, particularly where the overlap is only partial.

The prior action had a single defendant, Atlantic. This action names Central Park Dialysis Center, Hilario Flauta, Lorna Bautista, Rosemary Johnson, Rachel Jagdeo, Jodumutt Ganesh Bhat, M.D., Premila Bhat, Goldberg Segalla LLP, Scott R. Green, and Charles Lazo, among others. None of them was a party before Judge Oetken, and the claims against them rest on their own alleged conduct.

**II.The complaint rests substantially on conduct that postdates Judge Oetken's decision.**

Defendants assert that the instant complaint "is based upon the same alleged facts and circumstances upon which plaintiff relied upon as the basis for his prior action." ECF No. 14 at 1. The chronology is otherwise. Judge Oetken issued his merits decision on April 29, 2025. The Amended Complaint alleges that the Behavioral Plan was imposed on May 10, 2025 — eleven days later; that materially false chair-availability representations were made on March 7, 2026; that treatment was terminated prematurely on March 21, 2026, followed by a directive that Plaintiff not document the incident; and that involuntary-discharge proceedings were thereafter initiated. None of that conduct could have been "the basis for his prior action," because none of it had occurred.

The Second Circuit has rejected the premise that later actionable conduct becomes part of an earlier case merely because it continues a related course of dealing. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499–503 (2d Cir. 2014). Rule 13(a)(1)(B) asks whether there is substantial factual overlap between the two actions — not whether they share a common history. Defendants have identified the shared history and stopped there.

**III.Defendants identify no risk of conflicting orders, and referral is what would create one.**

Rule 13(a)(1)(C) asks whether "the parties could be subjected to conflicting orders." Defendants do not identify any order this Court could enter that would conflict with any order in the prior action. There is no parallel district-court proceeding: Judge Oetken stated in his June 13, 2025 Order that "this case is closed" and that further relief had to be sought through "a timely appeal" or "a newly filed action." ECF No. 69 at 5. Ordinary preclusion doctrine, applied by whichever judge is assigned, is not a conflicting order.

There is a circumstance Defendants' letters do not disclose. In the pending appeal, Plaintiff has asked the Second Circuit to direct reassignment to a different district judge in the event of remand. Br. for Plaintiff-Appellant, No. 25-1527, at 48, 50. Plaintiff does not ask this Court to resolve that request or to draw any inference from it. The administrative consequence is what matters here: under Rule 13(b)(3), referral would put the question of accepting this case before the same judge whose continued assignment to the related matter is pending in the Court of Appeals. Should the Circuit vacate in any part and direct reassignment, the District Court would confront two overlapping matters assigned in opposite directions. Notably, Counsel is aware that her Chartwell colleague represents Atlantic in the pending of the appeal as substitute counsel in light of the fact that former representative defense counsel Goldberg Segalla has been sued here before this Court. On April 14th, 2026, Carmen A. Nicolaou, Esq. of the Chartwell firm filed a notice of appearance in the Appeal and confirmed the same via email to the Plaintiff on which Ms. Peart was copied. Moreover, Judge Oetken himself granted IFP certification for the appeal.

Plaintiff does not contend that the pendency of the aforementioned request to the Court of Appeals automatically disqualifies any judge or predicts how the Court of Appeals will rule on that issue.. The point is narrower and is purely prudential and administrative: Defendants ask this Court to refer a newly filed action to the very judge whose continued assignment to the underlying controversy is presently a question before the Court of Appeals. Should the Second Circuit vacate in any part and direct reassignment, the District Court would confront two overlapping matters assigned in opposite directions, requiring a further reassignment. Maintaining the present assignment avoids that; referral invites it.

**IV.The prior action ended at the pleading stage, so there is little duplication for referral to prevent.**

Rule 13(a)(1)(D) asks whether, absent relatedness, there would be "substantial duplication of effort and expense, delay, or undue burden." The prior action was dismissed on the pleadings. There is no discovery record, no evidentiary record, and no trial record to be reused. Nor is anything left pending in the prior action. The federal claims were dismissed with prejudice and leave to amend was denied as futile, so referral would not consolidate this case into an ongoing proceeding — there is no proceeding to consolidate it into.

Whatever familiarity Judge Oetken developed concerns a superseded pleading asserting different claims against a single defendant. The present action adds numerous defendants whose own conduct is at issue and federal theories never adjudicated below, including claims under the Racketeer Influenced and Corrupt Organizations Act and 42 U.S.C. §§ 1983, 1985, and 1986. Familiarity with the earlier pleading cannot substitute for review of any of that.

Your Honor, by contrast, already has the Amended Complaint, the appearances of the present defendants, and the parties' submissions on this very question. Referral would save, at most, some acquaintance with historical background — and would require a second judge to acquire everything else.

**V.Rule 4(b) does not independently compel reassignment.**

Rule 4(b) prohibits dismissal and refiling for the purpose of obtaining a different judge and further provides that an action "or one essentially the same" that is dismissed and refiled shall be assigned to the same judge. This action is not "essentially the same" as the prior action. The prior case involved one defendant and the facts then existing; this action adds numerous parties, distinct federal causes of action, and substantial alleged conduct occurring after the prior merits decision. Nor was the earlier case voluntarily dismissed and refiled as a means of selecting a different judge. Judge Oetken closed that action and subsequently identified both a timely appeal and "a newly filed action" as avenues for further relief. Rule 4(b) therefore supplies no shortcut around the relatedness analysis required by Rule 13.

**VI.The pending appeal removes a presumption against relatedness; it does not create one in favor.**

Rule 13(a)(2)(B) provides that civil cases "presumptively shall not be deemed related unless both cases are pending before the court (or the earlier case is on appeal)." Because the prior action is on appeal, that presumption does not bar a relatedness finding. But the parenthetical does no affirmative work. It lifts a presumption; it does not satisfy Rule 13(a)(1), and it does not displace the limitation in Rule 13(a)(2)(A) that party overlap alone will not do. Defendants must still show that "the interests of justice and efficiency will be served." They have not.

**Conclusion**

Two further points bear on disposition. Under Rule 13(b)(3), the request Defendants make is not one this Court grants outright: if Your Honor believes the cases are related, the question is referred to the judge with the lower docket number, who decides whether to accept, subject to the Assignment Committee. And these Rules "shall not be deemed to vest any rights in litigants or their attorneys." Defendants simply have no entitlement to the assignment they seek.

Even if the Court finds Defendants have shown a shared history, Rule 13 requires more, and expressly discounts the party overlap they emphasize and but dor the appeal would be presumed unrelated anyway. Plaintiff respectfully requests that the related-case requests at ECF Nos. 11 and 14 be denied and that this action remain before Your Honor.

Respectfully submitted,

/s/Jason Wimberly
Plaintiff, Pro Se

cc:All counsel of record (via ECF/email)