UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JASON WIMBERLY,

Plaintiff,

Case No.: 1:26-cv-05949 (JPO)

- against -

ATLANTIC DIALYSIS MANAGEMENT SERVICES, LLC, CENTRAL PARK DIALYSIS CENTER, TERRANCE CARDINAL COOKE HEALTH CARE CENTER, ARCHCARE, GOLDBERG SEGALLA LLP, SCOTT R. GREEN, CHARLES LAZO, HILARIO FLAUTA, LORNA BAUTISTA, R.M., PAULINE [LAST NAME UNKNOWN]; ENRIQUE [LAST NAME UNKNOWN], YASMIN [LAST NAME UNKNOWN], FAUSI [LAST NAME UNKNOWN], JACKIE [LAST NAME UNKNOWN], ROSEMARY JOHNSON, GLENN [LAST NAME UNKNOWN], JAVITA BANKS, LMSW, RACHEL JAGDEO, JODUMUTT GANESH BHAT, M.D., AND PREMILA BHAT.

Defendants.
------------------------------------------------------------------X

**MEMORANDUM IN OPPOSITION TO MOTION TO DISQUALIFY AND FOR REASSIGNMENT PURSUANT TO 28 U.S.C. § 455(a)**

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

445 Hamilton Avenue, Suite 900
White Plains, New York 10601
Tel. No.: (914) 347-2600

Attorneys for Defendants Goldberg Segalla LLP, Scott R. Green, Charles Lazo

Of Counsel:
Stephen D. Straus, Esq.
Joohyun (Jay) Kim, Esq.

## PRELIMINARY STATEMENT

Defendants GOLDBERG SEGALLA LLP, SCOTT R. GREEN and CHARLES LAZO (collectively, "Goldberg Segalla") respectfully submit this memorandum in opposition to plaintiff's motion to disqualify the Hon. J. Paul Oetken from presiding over this matter and to reassign this matter to another District Judge of this Court. Plaintiff does not meet the threshold for disqualification, and the motion should be denied.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This is the second lawsuit plaintiff has filed involving the same underlying facts and circumstances. The first suit was filed with the Clerk of the U.S. District Court of the Southern District of New York on December 5, 2024, and is entitled *Wimberly v. Atlantic Dialysis Management Services, LLC,* Case No. 1:24-cv-09269-JPO (U.S.D.C. S.D.N.Y.) (hereinafter, "First Action"). The defendant in the first action, Atlantic Dialysis Management Services, LLC ("Atlantic"), is also a defendant herein. Plaintiff's complaint in the First Action sets forth allegations based on Atlantic's alleged failure to facilitate transportation and provide treatment at dialysis centers. *See* Exhibit A to the Certification of Stephen D. Straus (hereinafter, "Cert. Ex. __") at ¶¶ 5, 9. Plaintiff characterized Atlantic's acts as "unlawful discrimination, failure to accommodate, and retaliation against plaintiff based on his disability," and accused Atlantic of violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., New York City Human Rights Law ("NYCHRL"), New York State Human Rights Law ("NYSHRL"), New York Public Health Law § 2803-c, and state and municipal policies. *Id.* at ¶ 1.

Atlantic filed a pre-answer motion to dismiss the complaint in the First Action. *See* Cert. Ex. B. By Opinion and Order dated April 29, 2025, the Court granted Atlantic's motion and

dismissed the complaint in its entirety. Cert. Ex. C. The Court held, *inter alia*, that plaintiff failed to allege that Atlantic denied access to services base on a disability. *Id.* at 9. Since eligibility for transportation services was strictly limited to individuals with disabilities, the denial of transportation services could not legally constitute disability discrimination. *Id.* Moreover, the Court held that "neither the ADA nor the Rehabilitation Act imposes on Atlantic an obligation to transport [plaintiff] to its facility," which means that plaintiff had no actionable right enforceable against Atlantic. *Id.* at 10-12. The Court also rejected plaintiff's allegations of intentional discrimination and found that none of plaintiff's allegations rise to the level of retaliation prohibited by the ADA and the Rehabilitation Act. *Id.* at 13-16. Due to dismissal of all the federal law claims, the Court declined to exercise supplemental jurisdiction over the state law claims without prejudice to refiling such claims in state court. *Id*. at 16.

Plaintiff filed a motion for reconsideration from the dismissal on May 27, 2025, which was opposed by Atlantic. *See* Cert. Ex. D. By Opinion and Order dated June 13, 2025, the Court denied the motion because plaintiff could not demonstrate any basis for reconsideration. *See* Cert. Ex. E. Four days later, on June 17, 2025, plaintiff appealed the dismissal of the complaint to the United States Court of Appeals for the Second Circuit (Docket No. 25-1527). The appeal is pending.

On July 14, 2026, plaintiff filed the complaint in the instant action with the Clerk of court herein. *See Wimberly v. Atlantic Dialysis Management Services, LLC, et al.*, Case No. 1:26-cv-05949-JPO (hereinafter, "Second Action") Plaintiff filed an amended complaint in the Second Action on July 22, 2026. *See* Cert. Ex. F. In addition to Atlantic, the complaint in the Second Action names as defendants Atlantic's principal and chief executive officer, its employees, other treatment centers and agencies, and Goldberg Segalla, which was counsel of record for Atlantic in

the First Action. *Id.*

The twenty-eight (28) causes of action alleged against the defendants in the Second Action are based on the same or materially similar grievances related to the transportation to and facilitation of dialysis treatments, as well as alleged negligent disregard for plaintiff's medical condition, fabrication of allegations that plaintiff harassed Atlantic employees, false statements to the Court, restrictive treatment, involuntary discharge from end-stage renal disease network, and maltreatment in multiple ways. *See* Ex. F at ¶¶ 16-45.

When the Second Action was originally filed, it was randomly assigned to Hon. Mary Kay Vyskocil under Case No. 1:26-cv-05949-MKV. By letter-motion dated August 19, 2026, counsel for Goldberg Segalla herein requested a pre-motion conference to discuss a proposed motion to dismiss the complaint. *See* Cert. Ex. G. The subject of transferring the case to Judge Oetken pursuant to Rule 13 of the Rules for the Division of Business Among District Judges, Southern District of New York, was also raised in the letter motion. *See id.* This was based on the sameness of the underlying events, circumstances and issues alleged in the complaints in both matters, which Judge Oetken had already substantively addressed in the Opinion and Order discussed herein. *See* Cert. Ex. C. Atlantic filed a letter motion seeking the same relief. On August 24, 2026, the Court reassigned the Second Action to Judge Oetken under the present case number.

On September 17, 2026, plaintiff filed the present motion pursuant to 28 U.S.C. § 455(a), seeking to disqualify the Judge Oetken from presiding over Second Action and to have the matter reassigned to another district judge of this Court.

## ARGUMENT

**I.**

## STANDARD FOR DISQULIFICATION

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The statute requires a showing that "an objective, disinterested observer fully informed of the underlying facts [will] entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some other basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). This is because judicial rulings "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555.

In fact, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* "Not establishing bias or partiality, however, are

expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

Disqualification is not required "when the alleged interest or bias on the part of the judge . . . is not direct, but is remote, contingent, or speculative." *United States v. Arena*, 180 F.3d 380, 398 (2d Cir. 1999) (citing *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996)). "Adverse rulings in other litigation or the same litigation involving the party seeking recusal generally do not constitute a basis for recusal." *Arena*, 180 F.3d at 398.

Finally, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Aguinda v. Texaco, Inc. (In re Aguinda)*, 241 F.3d 194, 201 (2d Cir. 2001). "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Id.* (citing *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).

When controlling legal precedents are applied to the pertinent background facts and procedural history, disqualification of Judge Oetken would not be appropriate here. Plaintiff's motion should be denied.

## II.

## THE RECORD IN THIS MATTER DOES NOT REMOTELY SUPPORT DISQUALIFICATION

Plaintiff 's motion to disqualify is completely devoid of any extrajudicial sources that satisfy the rigorous standard of recusal under 28 U.S.C. § 455(a). Plaintiff does not provide proof of a personal, outside conflict of interest that law recognizes as disqualifying, such as an external

financial stake in the outcome, an undisclosed personal relationship with a party, or expressions of bias originating entirely outside the courtroom. *See, e.g.*, *Berger v. United States*, 255 U.S. 22, 28-29 (1922), (requiring recusal where the judge made egregious anti-German American remarks before his assignment to a case with German-American defendants); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 850 (1988) (requiring recusal where the judge sat on a university board of trustees that had a direct financial interest in the land dispute that led to the underlying litigation).

Plaintiff is clearly and impermissibly judge-shopping, having received an unfavorable outcome in the First Action. Dissatisfaction with an outcome is an insufficient basis for seeking recusal under 28 U.S.C. § 455(a). *See Liteky v. United States*, 510 U.S. at 555. Plaintiff's attempt to manufacture a distinction between the ultimate outcome of a case and the court's process of evaluating the merits is a so-called distinction that finds no support in the law. A "judicial ruling" encompasses far more than a final disposition. It intrinsically includes the entire adjudicative process, including the evaluation of evidence, the interpretation of law, and the formulation of legal reasoning. *See Liteky*, 510 U.S. at 555; *SEC v. Razmilovic*, 738 F.3d 14, 29-31 (2d Cir. 2013) (holding that dissatisfaction with a judge's evidentiary evaluations and other legal determinations are not a valid, extrajudicial basis for recusal). Plaintiff's numerous gripes, such as the Court's alleged failure to give effect to what Congress enacted, application of materially different scrutiny, failure to draw reasonable inferences in the plaintiff's favor, exclusion of evidence, characterization of policy into a single instance of harm, and the timing of orders, are all quintessential intra-judicial events that cannot form the basis for recusal under 28 U.S.C. § 455.

As a last resort, plaintiff introduces a theory of "cumulative direction," alleging that an

aggregate pattern of adjudication in favor of his adversary would cause "a reasonable and fully informed observer … question the appearance of impartiality." Even if plaintiff's numerical assertions were accurate, "[a] trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias," because "[j]udicial independence cannot be subservient to a statistical study of the calls he has made during the contest." *In re IBM Corp.*, 618 F.2d 923, 929 (2d Cir. 1980). Again, "bias which requires recusal must be personal and cannot rest upon trial rulings or conduct." *Id.* "[S]tatistics alone, no matter how computed, cannot establish extrajudicial bias," because there is "no authority for, and no logic in, assuming that either party to a litigation is entitled to a certain percentage of favorable decisions." *Id.* at 930.

**CONCLUSION**

For the foregoing reasons, plaintiff does not provide a scintilla of proof of alleged partiality or bias on the part of the Court. Plaintiff has failed to meet the rigorous burden for disqualification under 28 U.S.C. § 455(a) and his motion for an order disqualifying the Hon. J. Paul Oetken from presiding over this matter and reassigning the matter to another district judge of this Court, must be denied.

Dated: White Plains, New York
October 1, 2026

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By:____________________

Stephen D. Straus, Esq. (SS 6183)
445 Hamilton Avenue, Suite 900
White Plains, New York 10601
Tel. No. (914) 347-2600

/s/ Joohyun (Jay) Kim, Esq. (with permission)
445 Hamilton Avenue, Suite 900
White Plains, New York 10601
Tel. No. (914) 347-2600

Attorneys for Defendants
GOLDBERG SEGALLA LLP, SCOTT R. GREEN, CHARLES LAZO

TO: JASON WIMBERLY
231 E. 117th St., Apt. 5D
New York, New York 10035

Plaintiff *pro se*

THE CHARTWELL LAW OFFICES LLP
140 Grand Street, Suite 900
White Plains, New York 10601

Attorneys for Defendants
Atlantic Dialysis Management Services, Central Park Dialysis Center, Lorna Bautista, R.N., Rosemary Johnson, Rachel Jagdeo, Jodumutt Ganesh Bhat, M.D., Premila Bhat, Hilario Flauta

KUTNER CORRADO & FRIEDRICH, LLP
666 Old Country Road, Suite 401
Garden City, New York 11530

Attorneys for Defendant
Terrence Cardinal Cooke Health Care Center / Archcare

**WORD COUNT CERTIFICATION**

I hereby certify, pursuant to Local Rule 7.1(c) of the United States District Court, Southern District of New York, that the total number of words in this Memorandum of Law, exclusive of the parts exempted by the Local Rule, is 1,949, and that this document complies with the word count limit set forth in Local Rule 7.1(c).

Stephen D. Straus, Esq.
/s/ Joohyun (Jay) Kim, Esq.