UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,
Plaintiff,

-v-

ATLANTIC DIALYSIS MANAGEMENT SERVICES, LLC, *et al.*,
Defendants.

26-CV-5949 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is Plaintiff Jason Wimberly's motion for disqualification of the undersigned pursuant to 28 U.S.C. § 455(a) and for reassignment of this action to another district judge. (*See* ECF No. 35.)

Wimberly claims that disqualification is warranted because this Court (1) "applied materially different scrutiny to the same threshold characterization—reliance on medical judgment—than it had applied in its own prior decisions";[1] (2) "recognized that only [Defendant Atlantic Dialysis Management Services, LLC ("Atlantic")] could enter standing orders at issue, declined to consider Atlantic's contrary factual assertion as improper at the pleading stage, and then found affirmatively that the resulting barriers 'were not created or maintained by Atlantic'"; (3) "supplied a dispositive premise—that Atlantic's acknowledged 'responsibility' was a 'gratuitous promise'—that no party had advanced, and excluded the evidence bearing on that precise premise as 'irrelevant'"; (4) "characterized an announced and conceded policy governing

[1] Relatedly, Wimberly filed a "Motion for Judicial Notice" as to certain filings in three earlier cases adjudicated by this Court. (*See* ECF No. 38.) The Court grants Wimberly's motion for judicial notice. Nevertheless, the Court has reviewed these documents and, as discussed below, concludes that they do not support disqualification under § 455(a).

access to dialysis as 'only a single instance of past harm'"; (5) "decided the reconsideration motion after receiving Atlantic's accusatory opposition but before Plaintiff's already-tendered reply had cleared the Court's own docketing process, and four days before the reply was due"; (6) "characterized disputed attorney conduct as 'frivolous,' without analysis, and Plaintiff's communications as 'by their nature vexatious,' without addressing the circumstances he had given for them"; and (7) accepted this action as related "while Plaintiff's request that the Court of Appeals reassign Atlantic-related litigation away from this Court remains pending." (ECF No. 35 at 2-3.)

The Court concludes that disqualification is not warranted because the record does not reasonably raise a question as to the impartiality of the undersigned. *See* 28 U.S.C. § 455(a); *accord Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (per curiam).

First, Wimberly primarily bases his motion on the Court's orders granting a motion to dismiss his complaint and subsequently denying his motion for reconsideration in a related case. *See Wimberly v. Atl. Dialysis Mgmt. Servs., LLC*, No. 24-CV-9269, 2025 WL 1237546 (S.D.N.Y. Apr. 29, 2025), *reconsideration denied*, No. 24-CV-9269, 2025 WL 1677757 (S.D.N.Y. June 13, 2025). However, "judicial rulings alone almost never constitute valid [bases] for a bias or partiality motion" because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required" to support disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994). This case is not the rare bird that satisfies *Liteky*'s high bar. The challenged orders neither relied on extrajudicial sources nor evinced the profound antagonism required for disqualification by way of opinion. *Accord id.* To the extent that Wimberly disagrees with the merits of either of these decisions, such arguments "are proper grounds for appeal, not for recusal." *Id.*

Next, Wimberly contends that the Court's conduct beyond its rulings—including the acceptance of this matter as related, the timing of the Court's order denying Wimberly's motion for reconsideration, and the denial of leave for Wimberly to file a surreply—warrants disqualification. Again, the Court disagrees.[2] Wimberly points to no case suggesting that such routine case management amounts to disqualifying bias, and the Court is not aware of any. Rather, these arguments, untethered to any legal support, constitute the kind of "mere conclusions and opinions . . . as to why the district judge is, or appears to be, biased" that "do not constitute legally sufficient grounds for recusal." *Palin v. New York Times Co.*, 113 F.4th 245, 280 (2d Cir. 2024) (cleaned up).

Finally, Wimberly contends that the "common direction" and "pattern" of this Court's rulings "operated in a manner favorable to Atlantic and adverse to Plaintiff's ability to obtain adjudication of his claims." (ECF No. 35 at 29.) Again, that argument misses the mark. Section 455(a) does not require disqualification merely because a judge rules in favor of one party more often than another. *See In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) ("A trial judge must be free to make rulings on the merits without the apprehension that if he makes a disproportionate number in favor of one litigant, he may have created the impression of bias.").

---

[2] Far from manifesting antagonistic bias against Wimberly, each of the challenged actions was individually supportable. The Court concluded that the instant action was related to Wimberly's prior action before the Court because "the actions concern the same or substantially similar parties, property, transaction, or events"; "there is substantial factual overlap"; and "the parties could be subjected to conflicting orders." Rule 13, Rules for the Division of Business Among District Judges, Southern District of New York (2021). The Court exercised its "sound discretion" in denying Wimberly's motion for leave to file a surreply. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 287 (E.D.N.Y. 2014) (quotation marks omitted). Finally, the Court denied Wimberly's motion for reconsideration because the Court concluded that Wimberly's moving papers lacked any meritorious basis for reconsideration, and the Court would not have been under any obligation to consider issues raised for the first time in reply. *See United States v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir. 2008).

Accordingly, Wimberly's motion for judicial disqualification is denied.

The Clerk of Court is directed to close the motions at ECF Nos. 34, 35, 38, and 40.[3] The Clerk of Court is further directed to mail a copy of this Memorandum and Order to Wimberly.

SO ORDERED.

Dated: October 19, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

[3] On October 2, 2026, several Defendants filed an opposition to Wimberly's motion to disqualify. (*See* ECF No. 39.) That same day, those Defendants also filed a letter motion seeking an extension of time and acceptance of their opposition *nunc pro tunc*. (*See* ECF No. 40.) In light of the Court's denial of Wimberly's motion without reliance on Defendants' opposition, the Court denies Defendants' letter motion for an extension as moot.